Raymond Nardo, P.C.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTOPHER GRANT

                        Plaintiff,                 **COMPLAINT**

   -against-

ALL STAR BABY SAFETY, Inc., THOMAS
TREANOR, as an individual

                       Defendants.
---------------------------------------------------------------X

      Plaintiff CHRISTOPHER GRANT, by his attorney, Raymond Nardo, Esq. complaining of defendants ALL STAR BABY SAFETY, Inc., THOMAS TREANOR, as an individual (collectively referred to herein as "defendants"), alleges:

### NATURE OF THE ACTION

      1.     This action arises out of defendants' failure to pay overtime pay and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

      2.     Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime, liquidated damages, violations of the Wage Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

1

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 as defendant ALL STAR BABY SAFETY, Inc. is located at 79 Chateau Drive, Melville, NY 11747, which is in Eastern District of New York, and the causes of action arose in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff CHRISTOPHER GRANT resides in Sea Cliff, New York, which is located in the Eastern District of New York. Plaintiff worked for defendants from March 2011 through March 11, 2016 as a laborer, handyman, and baby-proofer.

6. In his capacity as a laborer, handyman, and baby-proofer, plaintiff would engage in shipping and receiving, take care of inventory, installing window guards, cabinet locks, baby safety gates, pool fences, driving, loading, unloading, vehicle maintenance, and occasional landscaping and painting at Treanor's house.

7. Plaintiff's primary duties were non-exempt duties, as set forth above.

8. Plaintiff worked under the direct supervision of defendant Thomas Treanor, owner of the defendant corporation.

**Defendants**

9. Defendant ALL STAR BABY SAFETY, Inc. is a domestic corporation located in the Eastern District of New York.

10. Defendant ALL STAR BABY SAFETY, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Defendant ALL STAR BABY SAFETY, Inc. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as gates, furniture straps, television straps, outlet safety plates, window stops, doorknob covers, fire extinguishers, and door stops, and (2) an annual gross volume of sales in excess of $500,000.00.

12. Defendant THOMAS TREANOR ("TREANOR") is sued individually in his capacity as an owner, officer and/or agent ALL STAR BABY SAFETY, Inc. because he has authority to exercise sufficient control over ALL STAR BABY SAFETY, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL.

13. At all times material herein, TREANOR had the authority to hire and fire employees for ALL STAR BABY SAFETY, Inc.

14. At all times material herein, TREANOR had the authority to set wages for ALL STAR BABY SAFETY, Inc.

15. At all times material herein, TREANOR had the authority to, and did, establish and exercise authority regarding the pay practices at ALL STAR BABY SAFETY, Inc.

16. At all times material herein, TREANOR had the authority to, and maintained, payroll records for ALL STAR BABY SAFETY, Inc.

17.     The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA, thus rendering the defendants as a unified "enterprise" under the FLSA.

### DEFENDANTS' FAILURE TO PAY OVERTIME FOR ALL WEEKLY HOURS WORKED OVER FORTY

18.     The FLSA and NYLL require that employers pay employees one and one half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

19.     Plaintiff worked as a laborer, handyman, and baby-proofer, from at least March 2011 to March 2016.

20.     During the above time period, plaintiff was a non-exempt employee under the FLSA and NYLL.

21.     During the above time period, plaintiff regularly worked over forty hours per week, up to 60 hours per week, or more, but did not receive overtime pay.

22.     Instead, during this time period, plaintiff was paid a flat rate of $130 per day, without premium overtime pay, despite the fact that his hours varied, and he worked more than 40 hours per week, in violation of the FLSA.

### DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

23.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire.

24.     Plaintiff was never given a notice, either at the time of hire or thereafter, as required by § 195 of the New York Labor Law, containing the rate or rates of pay and basis

4

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

25. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

26. Plaintiff repeats and realleges each paragraph above, as though fully set forth herein.

27. Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and therefore employed plaintiff.

28. Defendants were required to pay plaintiff no less than one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

29. Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

30. Defendants wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages in accord with a policy, custom, and/or practice of Defendants.

31. Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SECOND CLAIM
(New York Labor Law – Unpaid Overtime)

32. Plaintiff repeats and realleges each paragraph above as though fully set forth herein.

33. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed plaintiff.

34. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one-half (1 ½) the regular rate of pay for all hours she worked in excess of forty.

35. Defendants failed to pay plaintiff the overtime wages to which they were entitled under the NYLL.

36. Defendants wilfully violated the NYLL by knowingly and intentionally failing to pay plaintiff's overtime wages.

37. Due to defendants' wilful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

38. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

39. Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and before February 1st of each subsequent year, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

40. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b), or $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

7

41. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

42. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, and damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

43. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

    a. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

    b. declaring that defendants' violations of the FLSA and the NYLL were wilful;

    c. enjoining future violations of the FLSA and the NYLL;

    d. awarding plaintiff damages for unpaid overtime wages;

   e. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

   f. awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL

   g. awarding plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

   h. awarding plaintiff reasonable attorneys fees' and costs and disbursements, pursuant the FLSA and the NYLL; and

   i. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
    March 25, 2016

Raymond Nardo, Esq.
Raymond Nardo, P.C.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*