UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTOPHER GRANT,

                Plaintiff,                **MEMORANDUM & ORDER**

    -against-                        16-CV-1516 (DRH)(ARL)

ALL STAR BABY SAFETY, INC. and
THOMAS TREANOR,

                Defendants.
------------------------------------------------------X

**APPEARANCES**:

**Raymond Nardo, P.C.**
129 Third Street
Mineola, NY 11501
By: Raymond Nardo, Esq.

**Scott Michael Mishkin, PC**
One Suffolk Square, Suite 240
Islandia, NY 11749
By: Kyle T. Pulis

**HURLEY, Senior District Judge:**

      Plaintiff, Christopher Grant, ("plaintiff") commenced this action against defendants All Star Baby Safety, Inc. and Thomas Treanor ("defendants") alleging they failed to pay him overtime and other monies due in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Presently before the Court is defendants' request for a pre-motion conference in anticipation of moving for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the request is denied and defendants are directed to answer the complaint.

## Background

The FLSA's minimum wage and overtime provisions apply to employees who are "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce ('individual coverage'), or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce ('enterprise coverage')." *Iqbal v. Multani*, 2013 WL 5329286, at *5 (E.D.N.Y. Sept. 20, 2013); *see Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (stating that the two categories of FLSA coverage "are commonly referred to as 'individual' and 'enterprise' coverage").

A defendant is an "[e]nterprise engaged in interstate commerce or in the production of goods for interstate commerce" if the defendant is an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and "whose annual gross volume of sales made or business done is not less than $500,000."  See 29 U.S.C. §203(s)(1)(A).

## Basis for Proposed Motion and Plaintiff's Response

Defendants submit that the complaint should be dismissed as they "do not qualify as an 'enterprise' under the FLSA, because defendants never had an annual gross volume of sales made or business done of Five Hundred Thousand Dollars ($500,000) during any of the relevant years, 2011-2016" as demonstrated by their tax returns for those years. (DE 7 at p. 2.)

In response, plaintiff argues that the complaint at paragraph 11 clearly alleges that defendant All Star Baby Safety, Inc. is an enterprise covered under the FLSA and that

2

defendants' reliance on tax returns - information outside the four corners of the complaint - is impermissible on a motion to dismiss. Alternatively, plaintiff requests permission to amend his complaint to state individual liability. (DE 8 at 2-3.)

## Discussion

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See, e.g., Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996).

Inasmuch as a Rule 12(b)(6) challenges "the sufficiency of the statements in the complaint," *Cortec Indus. ., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), a district court must "confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.' " *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or

3

information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). Documents other than those appended to the complaint or incorporated in the complaint by reference may not be considered on a motion to dismiss unless the court treats the motion as one for summary judgment giving all the parties a reasonable opportunity to present evidence under Rule 56. *See* Fed. R. Civ. P. 12(b)(6); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Festa v. Local 3 Int'l Bhd. Of Elec. Workers*, 905 F.2d 35, 38 (2d Cir.1990).

Although defendants cite Rule 12(b)(6) in support of their proposed motion, the proposed motion is in actuality one for summary judgment as it does not assume the truth of the facts alleged in the complaint. Paragraph 11 of the complaint alleges that defendants have, inter alia, "an annual gross volume of sales in excess of $500,000.00." Defendants' tax returns do not fall within the categories of documents that may be considered on a motion to dismiss. While the tax returns could be considered if this Court were to convert the proposed motion into a motion for summary judgment, it is inappropriate to do so at this time given the lack of discovery. *See Abrigo v. El Gauchito*, 2015 WL 3935745 (E.D.N.Y. June 25, 2015) (denying permission to file a motion to dismiss or for summary judgment in view of need for discovery); *Khaytin v. Stern & Stern, Esq.,* 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) (same). Simply put, the motion to dismiss defendants seek permission to file would necessarily be unsuccessful thus mandating denial of their letter request.[1]

---

[1] Given the denial of defendants' application it is unnecessary to address plaintiff's alternative position that he should be allowed to amend his complaint.

## Conclusion

For the foregoing reasons, defendants' request to file a motion to dismiss is denied.

Defendants are directed to file an answer within twenty (20) days of the date hereof.

**SO ORDERED.**

Dated: Central Islip, New York
      July 8, 2016                                             /s/   Denis R. Hurley
                                                                           Denis R. Hurley
                                                                           United States District Judge